MOTION FOR SANCTIONS
PER CURIAM.
John R. Andrus, individually and on behalf of his minor child, Julian Andrus, filed a motion in this Court for imposition of sanctions, pursuant to La.C.C.P. Art. 863, against State Farm Mutual Automobile Insurance Company.
State Farm Mutual Automobile and State Farm Fire and Casualty sought supervisory writs from the trial court’s denial of *1048 their motions for summary judgment. On July 3, 1990, this Court granted and made peremptory the writ application in part by granting State Farm Fire and Casualty’s motion for summary judgment and denied the application in part by denying State Farm Automobile’s motion for summary judgment. On July 12, 1990, State Farm Automobile filed a Petition for Rehearing asking this Court to reconsider its prior ruling and grant relator’s motion for summary judgment.
The plaintiffs filed a motion for imposition of sanctions alleging that defendant’s Petition for Rehearing was not warranted by existing law citing Uniform Rules— Court of Appeal Rule 2-18.7(A). That rule states in pertinent part as follows:
2-18.7 When Rehearing Will Not Be Considered. An application for rehearing will not be considered in cases where the court has
(A) Denied a writ application;
It is clear that an application for rehearing will be considered where the court has granted a writ application and made it peremptory. However, the rules are not clear as to whether a party may seek a rehearing from the denial and/or granting in part of a writ application. It would seem that the relator would have the right to seek a rehearing from the portion of the order granting and making the writ peremptory. However, in the present case relator only sought a rehearing on the part of the order which was denied by this court. Under these circumstances we hold that relator does not have a right to a rehearing and the petition for rehearing will not be considered in accordance with Uniform Rules — Court of Appeal Rule 2-18.7(A). However, we decline to impose sanctions upon the relator for the reason that the existing law was not clear as to whether relator could seek a petition for rehearing.
MOTION DENIED.